```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: JUL 0 1 2013
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA        :       CONSENT PRELIMINARY
                                        ORDER OF FORFEITURE/
       - v. -                   :       MONEY JUDGMENT

VLADIMIR GRINBERG,              :       S14 12 Cr. 171 (JPO)

            Defendant.          :

- - - - - - - - - - - - - - - - X

WHEREAS, on or about May 21, 2013, VLADIMIR GRINBERG (the "defendant"), was charged in Superseding Indictment S14 12 Cr. 171 (JPO) (the "Indictment") with conspiracy to commit health care fraud, in violation of 18 U.S.C. § 1349 (Count Two); conspiracy to commit mail fraud, in violation of 18 U.S.C. § 1349 (Count Three); and conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h) (Count Four);

WHEREAS, the Indictment included a forfeiture allegation as to Count Two seeking forfeiture to the United States, pursuant to 18 U.S.C. § 982(a)(7), of all property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offense charged in Count Two of the Indictment, including but not limited to at least $110 million in United States currency, in that such sum in aggregate is property representing the amount of gross proceeds obtained as a result of the health care fraud conspiracy offense charged in Count Two;

WHEREAS, the Indictment included a forfeiture allegation as to Count Three seeking forfeiture to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, of any and all property constituting or derived from proceeds obtained directly or indirectly as a result of the mail fraud conspiracy offense, including but not limited to at least $110 million in United States currency, in that such sum in aggregate is property representing the amount of proceeds obtained as a result of the mail fraud conspiracy offenses alleged in Count Three of the Indictment;

WHEREAS, the Indictment included a forfeiture allegation as to Count Four seeking forfeiture to the United States, pursuant to 18 U.S.C. § 982(a)(1), of any property, real or personal, involved in the money laundering conspiracy offense, and any property traceable to such property, including but not limited to at least $110 million in United States currency, in that such sum in aggregate is property representing the property involved in the offense, and traceable to such property;

WHEREAS, on or about February 29, 2012, law enforcement agents seized from Account no. 009432676451, held in the name of Mind Body Soul Inc dba All Organic Gourmet at Bank of America (the "Seized Funds");

WHEREAS, on or about June 28, 2013, the defendant pled guilty to Counts Two and Four of the Indictment pursuant to a plea agreement with the Government, wherein the defendant admitted the forfeiture allegations as to Counts Two and Four, and agreed to forfeit to the United States (i) a sum of money equal to $943,976 in United States currency, representing the amount of gross proceeds obtained from Counts Two and Four; and (ii) all of the defendant's right, title and interest in the Seized Funds;

WHEREAS, the defendant consents to the imposition of a money judgment in the amount of $943,976 in United States currency;

WHEREAS, the defendant further consents to the forfeiture of all of his right, title and interest in the Seized Funds;

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3) and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Seized Funds to its possession and to notify any person who reasonably appears to be a potential claimant of its interest therein;

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney, Preet Bharara, United States Attorney, Assistant United States Attorneys Daniel S. Goldman, of counsel, and the defendant, and his counsel, Norman Alexander Pattis, Esq. that:

1. As a result of the offenses charged in Counts Two and Four of the Indictment, a money judgment in the amount of $943,976 in United States currency (the "Money Judgment") shall be entered against the defendant.

2. As a result of the offenses charged in Counts Two and Four of the Indictment, all of the defendant's right, title and interest in the Seized Funds is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853. The Seized Funds shall be credited to the Money Judgment upon their final forfeiture.

3. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, upon entry of this Consent Preliminary Order of Forfeiture/Money Judgment, this Order is final as to the defendant, VLADIMIR GRINBERG, and shall be deemed part of the sentence of the defendant, and shall be included in the judgment of conviction therewith.

4.  Upon entry of this Consent Preliminary Order of Forfeiture/Money Judgment, the United States Marshal Service (or its designee) is authorized to seize the Seized Funds and hold the Seized Funds in its secure, custody and control.

5.  Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States shall publish for at least thirty (30) consecutive days on the official government internet forfeiture site, www.forfeiture.gov, notice of this Consent Preliminary Order of Forfeiture.  Any person, other than the defendant in this case, claiming an interest in the Seized Funds must file a petition within sixty (60) days from the first day of publication of the notice on this official government internet site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

6.  This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Seized Funds, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title and interest in the Seized Funds and any additional facts supporting the

petitioner's claim and the relief sought, pursuant to 21 U.S.C. § 853(n).

7. Pursuant to Rule 32.2(b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

8. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Seized Funds pursuant to Title 21, United States Code, Section 853(n) and Rule 32.2(c)(2) of the Federal Rules of Criminal Procedure, in which all third-party interests will be addressed.

9. All payments on the Money Judgment shall be made by postal money order, bank or certified check, made payable, in this instance to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Asset Forfeiture Unit, One St. Andrew's Plaza, New York, New York 10007, and shall indicate the defendant's name and case number.

10. Upon execution of this Consent Order of Forfeiture, and pursuant to 21 U.S.C. § 853, the United States Marshals Service shall be authorized to deposit the payments on

the Money Judgment in the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

11.     Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, upon entry of this Order, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate, or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas, pursuant to Rule 45 of the Federal Rules of Civil Procedure.

12.     The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure.

13.     The Clerk of the Court shall forward three certified copies of this Order to the United States Attorney's Office, Southern District of New York, Attn: Asset Forfeiture Unit, One St. Andrew's Plaza, New York, New York 10007.

[REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK]

14. The signature page of this Order may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

PREET BHARARA
United States Attorney for the
Southern District of New York

By: _____     6/28/13
DANIEL S. GOLDMAN                      DATE
Assistant United States Attorneys
One St. Andrew's Plaza
New York, NY 10007
Tel.: (212) 637-2289


VLADIMIR GRINBERG, DEFENDANT

By: _____     6/28/13
VLADIMIR GRINBERG                      DATE

By: _____     6/28/13
NORMAN ALEXANDER PATTIS, ESQ.          DATE
649 Amity Road
Bethany, CT 06524
T: (203)-393-3017

SO ORDERED:

_____         6/28/13
HONORABLE J. PAUL OETKEN               DATE
United States District Judge

8